# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TOWNSEL,<br><br>　　　　Petitioner,<br><br>　v.<br><br>MADERA COUNTY DISTRICT ATTORNEY'S OFFICE,<br><br>　　　　Respondent. | Case No. 1:15-cv-01128-GSA HC<br><br>ORDER DISMISSING PETITION<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |

   Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 21, 2015, Petitioner filed the instant petition for writ of habeas corpus in this Court. (ECF No. 1). On August 4, 2015, the Court issued an order granting Petitioner leave to file a motion to amend the petition to name a proper respondent and an order to show cause why the petition should not be dismissed for failure to exhaust state remedies. (ECF No. 7). Petitioner did not file a response. Petitioner has consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 6).

**I.**

**DISCUSSION**

**A.  Preliminary Review of Petition**

   Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

**B.  Failure to Name a Proper Respondent**

Petitioner names "Madera County District Attorney's Office" as the Respondent. A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions or a probation officer is also appropriate. Ortiz-Sandoval, 81 F.3d at 894; Stanley, 21 F.3d at 360. Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970).

On August 4, 2015, the Court issued an order granting Petitioner leave to file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner could have named a proper respondent in this action. As Petitioner failed to amend the petition and name a proper respondent, the petition must be dismissed for lack of jurisdiction.

**C.  Exhaustion**

The petition must also be dismissed because Petitioner has failed to exhaust the claims that he raises in the instant petition. A petitioner who is in state custody proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial

1   opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501
2   U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158,
3   1163 (9th Cir. 1988).

4       A petitioner can satisfy the exhaustion requirement by providing the highest state court
5   with a full and fair opportunity to consider each claim before presenting it to the federal court.
6   Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971);
7   Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest
8   state court was given a full and fair opportunity to hear a claim if the petitioner has presented the
9   highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis);
10  Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-10 (1992) (factual basis).

11      Additionally, the petitioner must have specifically told the state court that he was raising
12  a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,
13  669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th
14  Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States
15  Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

23  Duncan, 513 U.S. at 365-366.

24      Here, it appears that Petitioner has not sought review in the California Supreme Court.
25  Petitioner did not fill out several sections of the petition asking whether he filed an appeal or
26  previously filed petitions, applications, or motions.  (ECF No. 1 at 1-4).  In one section of the
27  petition, Petitioner stated that his grounds for relief were "never presented on appeal" and that he
28  does not have any petitions or appeals pending in any court as to the judgment under attack.

(ECF No. 1 at 7). Petitioner did not file a response to the Court's order to show cause. As Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of his claims and the petition must be dismissed without prejudice. 28 U.S.C. § 2254(b)(1).

## II.

## CERTIFICATE OF APPEALABILITY

A petitioner who is seeking a writ of habeas corpus as a result of a state court judgment has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his

constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner's federal habeas corpus petition should be dismissed debatable, wrong, or deserving of encouragement to proceed further.  Therefore, the Court declines to issue a certificate of appealability.

## III.
## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED without prejudice;
2. The Clerk of Court is DIRECTED to Close the case;  and
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **September 15, 2015**                         **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE